**Case Nos. 15-1183, 15-1665, 15-1832**

---

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

## JAMIE SMITH

### Plaintiff-Appellee, Cross-Appellant

### v.

## AS America, Inc.

### Appellant, Cross-Appellee

On Appeal from the United States District Court
for the Western District of Missouri

---

## APPELLANT/CROSS-APPELLEE
## AS AMERICA, INC.'S PETITION FOR REHEARING *EN BANC*

---

David A. Campbell (0066494)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
Phone: 216-479-6100

*Attorney for AS America, Inc.*
*Appellant, Cross-Appellee*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................... iii

RULE 35(B) STATEMENT ......................................................................1

STATEMENT OF FACTS .........................................................................2

    I.    Smith's Essential Job Functions Involved Repeated Heavy Lifting ...........................................................................2

    II.   Despite The Heavy Lifting, The Undisputed Facts At Trial Show That Smith Did Not Report Any Back Issues Until 2011 ......................................................................3

    III.   Smith Was Only Absent Three Days In January Of 2011 ...................4

    IV.   Smith's February 2011 Medical Documentation Does Not Support An FMLA Leave .................................................5

    V.   The Undisputed Facts Establish That Smith Had No Back Issues After February Of 2011 ..............................................7

LEGAL ARGUMENT .............................................................................7

    I.    *EN BANC* REVIEW IS WARRANTED BECAUSE THE PANEL DECISION THAT SMITH SUFFERED FROM A CHRONIC CONDITION CONFLICTS WITH THE FMLA AND CASE LAW FROM OTHER CIRCUITS......................7

        A.    The Panel Applied The Wrong Standard Of Review In Affirming The District Court's Legal Determination That Smith's Back Condition Qualified As A Chronic Condition Under The FMLA...............................................................7

        B.    The Panel Misconstrued ASB's Arguments On Appeal And Misapplied The FMLA Regulations Defining A "Chronic Condition" ..............................9

i

    C.     The Panel Decision That Smith's Back Condition
Continued For An Extended Period Of Time Is
Unsupported By Case Law And Contradicts
Decisions From Other Circuits, Including the
Third Circuit, Fifth Circuit and Sixth Circuit ...........................11

II.   *En Banc* Review Is Warranted Because The Panel
Decision's New Rule That Back Pain Lasting For One
Month Which Is Treated On Two Occasions Constitutes
A Chronic Condition Undermines The Department Of
Labor's Objective Test By Broadening The Scope Of
"Chronic Serious Health Conditions" ................................................14

CONCLUSION ...........................................................................................15

CERTIFICATE OF SERVICE ...................................................................16

ii

# TABLE OF AUTHORITIES

**Page**

## CASES

*Flanagan v. Keller Prods., Inc.*, No. 00-542-M, 2002 U.S. Dist.
LEXIS 3663 (D. N.H. Feb. 25, 2002) .................................................11

*Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149 (3rd Cir.
2015).............................................................................................1, 11

*Hepner v. Thomas Jefferson Univ. Hosps., Inc.*, 2013 U.S. Dist.
LEXIS 74839 (E.D. Pa. May 24, 2013) .............................................13

*Khalil Aboukora v. Keebler Co.*, 2006 U.S. Dist. LEXIS 18072 (M.D.
Ga. Mar. 30, 2006) ............................................................................13

*Lubke v. City of Arlington*, 455 F.3d 489 (5th Cir. 2006)....................2, 12

*Mann v. Mass. Correa Elec.*, J.V., 2002 U.S. Dist. LEXIS 949
(S.D.N.Y. Jan. 23, 2002)....................................................................13

*Meecorp Capital Mkts., LLC v. Oliver*, 776 F.3d 557 (8th Cir. 2015) .....................9

*Munoz v. Nutrisystem, Inc.*, 2014 U.S. Dist. LEXIS 104465 (E.D. Pa.
July 30, 2014)....................................................................................12

*Pinson v. Berkley Med. Res. Inc.*, No. 03-1255, 2005 U.S. Dist.
LEXIS 13045 (W.D. Pa. June 21, 2005).............................................13

*Quinn v. Mercy Fitzgerald Hosp.*, 2011 U.S. Dist. LEXIS 80928 (E.D.
Pa. July 22, 2011)..............................................................................13

*Taylor v. Autozoners, LLC*, 706 F. Supp. 2d 843 (W.D. Tenn. 2010).............. 11, 12

*Thorson v. Gemini, Inc.*, 205 F.3d 370 (8th Cir. 2000) ...........................................14

*Tillman v. Ohio Bell Tel. Co.*, 545 Fed. App'x 340 (6th Cir. 2013)...................2, 11

Appellate Case: 15-1183    Page: 4    Date Filed: 07/28/2016 Entry ID: 4431489

## **STATUTES**

29 C.F.R. § 825.115(c) ................................................................ 1, 9, 14

## **OTHER AUTHORITIES**

*Final Regulations* issued November 17, 2008 (73 FR 67934) ................................10

## **RULES**

Fed. R. App. P. 35 ................................................................................1

Local Rule 35A ..................................................................................1

Local Rule 40A(b) ..............................................................................1

iv

## RULE 35(B) STATEMENT

Pursuant to Fed. R. App. P. 35 and Local Rule 35A and for the reasons set forth herein, Appellant, Cross-Appellee AS America, Inc. d/b/a American Standard Brands ("ASB"), by its undersigned counsel, petitions this Court for a rehearing *en banc* or a panel rehearing[1] of this appeal. ASB seeks rehearing to correct a decision that affirmed the district court's conclusion that former Plaintiff Thomas Smith's ("Smith") back issues constituted a "chronic condition" under the Family and Medical Leave Act ("FMLA"). In so doing, the panel misinterpreted and improperly expanded the protections afforded to employees under the FMLA.

This Petition seeks rehearing *en banc* so that the Court can apply the correct standard of review by reviewing the district court's legal conclusion *de novo* and correct the misapplication of the law regarding the specific requirements of a chronic condition set forth in 29 C.F.R. § 825.115(c). Additionally, rehearing is warranted because this case involves questions of exceptional importance as the panel's decision conflicts with decisions of other United States Courts of Appeal which have addressed the requirement that a chronic condition must continue for an extended period of time and which have applied the chronic condition standard to back injuries, including *Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149,

---

[1] Pursuant to Local Rule 40A(b), "every petition for rehearing *en banc* . . . will automatically be deemed to include a petition for rehearing by the panel."

1

154 (3rd Cir. 2015, *Tillman v. Ohio Bell Tel. Co.*, 545 Fed. App'x 340 (6th Cir. 2013), and *Lubke v. City of Arlington*, 455 F.3d 489 (5th Cir. 2006).

This case also presents issues of exceptional importance as the panel's decision expands the protections afforded by the FMLA by finding that temporary back problems which reoccur over a one-month period now qualify as chronic conditions. Under the panel's decision, employers must now grant FMLA leave to any employee with back pain who seeks medical treatment on two occasions within a one-month period, regardless of whether the employee has no prior history of back issues, is permitted to return to work without any physical restrictions, and never seeks medical treatment for back issues again.

## STATEMENT OF FACTS

### I.    Smith's Essential Job Functions Involved Repeated Heavy Lifting.

Smith began his employment with ASB on August 1, 2008. (R. 144, AS App. Vol. II at 000098, Addendum).[2]   Smith held the job title Kiln Utility which involved manually lifting porcelain toilet bowls, tanks, urinals and sinks on and off the kiln and refire carts. (R. 144, AS App. Vol. I at 000098-99, Addendum). The average bowls weighed fifty pounds and the tanks weighed about twenty-five

---

[2] References to ASB's appendix which was filed along with ASB's Principal Brief are hereinafter "AS App. Vol.__ at __." Additionally, material that has been included in ASB's addendum is designated by "Addendum" in the citation. References to the District Court's record are hereinafter "R. __."

pounds. (*Id.* at 99; R. 165, Trial Transcript Vol. II,[3] Friar Testimony 123, AS App. Vol. III at 000277, Addendum (the Kiln Utility job involved "loading heavy pieces repeatedly")). Smith's position involved lifting multiple tons through the course of a single shift. (Trial Transcript Vol. II, Swander Testimony 167, AS App. Vol. III at 285, Addendum). The medical providers at issue in this case were aware of Smith's job duties, including the heavy lifting involved in his position. (January and February FMLA, AS App. Vol. III at 000301and 000307 ("heavy lifting")).

## II.     Despite The Heavy Lifting, The Undisputed Facts At Trial Show That Smith Did Not Report Any Back Issues Until 2011.

Smith had not seen a medical professional for any back-related issues for thirteen years prior to the date he applied for employment with ASB. (Smith's Deposition ("Smith Dep."), AS App. Vol. IV at 000356, Addendum). Smith had a family physician during his employment with ASB. (*Id.* at 000336-337; Medical Records, AS App. Vol. V at 000462-491). Prior to January 2011, Smith visited his family physician on seven occasions. (Medical Records, AS App. Vol. V at 000462-491). None of these pre-2011 visits involved Smith's back. (Smith Dep., AS App. Vol. IV at 000356, Addendum; Medical Records, AS App. Vol. V at 000462-491). Smith did not see any medical professionals for back-related issues from the date of his hire in 2008 through January 2011. (*Id.*). Finally, at trial,

---

[3] The trial transcript was created in two parts: R. 151( "Trial Transcript Vol. I") and R. 165 ("Trial Transcript Vol. II").

Appellate Case: 15-1183     Page: 8     Date Filed: 07/28/2016 Entry ID: 4431489

Plaintiff presented no evidence of any back issues prior to January 2011. (Trial Transcript Vols. I-II).

## III.   Smith Was Only Absent Three Days In January Of 2011.

Smith was absent for his shifts that ended on January 9, 10 and 11, 2011. (R. 144, AS App. Vol. II at 000099, Addendum). On January 10, 2011, Smith was treated at the Nevada Urgent Care by Deborah Asberry, a nurse practitioner. (*Id*.). Smith was "sick" at this time, but he also claims he was "having problems with [his] lower back." (January FMLA, AS App. Vol. III at 000298-303; Smith Dep., AS App. Vol. IV at 000338). Smith did not know why he was having problems with his back at that time. (Smith Dep., AS App. Vol. IV at 000338).

Smith applied for FMLA leave with ASB for the period commencing on January 9, 2011 and ending on January 12, 2011. (R. 144, AS App. Vol. II at 000099, Addendum). The January FMLA paperwork referenced Smith's heavy lifting and released him to return to work on January 12, 2011 without restriction. (January FMLA, AS App. Vol. III at 000298-303). Plaintiff did not present any medical testimony regarding the January 2011 absences at trial. (Trial Transcript Vols. I-II). Smith's January 2011 FMLA leave request was denied. (Notice of Eligibility, AS App. Vol. V at 000451-452; Designation Notice, AS App. Vol. V at 000453; Swander Testimony 165-166; AS App. Vol. III at 000283-284).

Smith did not visit his family physician again in January 2011 after January

4

10, 2011.  (Medical Records, AS App. Vol. V at 000462-49; 2/7/11 Email, AS App. Vol. V 000442-449).  Smith did not have any other absences from work after January 11, 2011 until February 6, 2011.  (Points Document, AS App. Vol. V at 000454-455; Attendance Tracker, AS App. Vol. III at 000297).

## IV. Smith's February 2011 Medical Documentation Does Not Support An FMLA Leave.

In addition to his heavy lifting at his employment with ASB, Smith also partook in snow plowing activities at the end of January 2011 and the beginning of February 2011.  (Smith Dep., AS App. Vol. IV at 000335).  Smith reported for his shift on February 5, 2011, but had to leave his shift early because he had hurt his back plowing snow.  (R. 144, AS App. Vol. II at 000101, Addendum).

On February 7, 2011, Smith visited Nevada Urgent Care.  (*Id*.).  Smith advised Nevada Urgent Care that he had missed work since Saturday, February 5, 2011.  (Medical Records, AS App. Vol. V at 000463, Addendum).  Knowing his attendance point total, Smith made the following statements during his February 7, 2011 treatment: "Can you help me out, lie a bit so I don't lose my job" and "Please make it look like I am dying or I'll lose my job."  (*Id*.; Smith Dep., AS App. Vol. IV at 000349-350).  The treating nurse practitioner completed a release that simply stated "Patient was seen in the clinic today.  Please excuse."  (Trial Transcript Vol. I at 35-36, AS App. Vol. III at 000273-274, Addendum).  ASB did not receive this note.  (*Id.*).

5

Smith did not work his scheduled shift beginning on February 7, 2011 and concluding on February 8, 2011. (R. 144, AS App. Vol. II at 000102, Addendum; Attendance Tracker, AS App. Vol. III at 000297). Smith returned to the Nevada Urgent Care on February 8, 2011 and received a note. (Robertson Note, AS App. Vol. V at 000450, Addendum). The February 8, 2011 note states: "Pt was seen in clinic 2/7/11. Please excuse from 2/8/11 & needs FMLA form to be completed." (*Id.*). Smith took the February 8, 2011 note into ASB. (Smith Dep., AS App. Vol. IV at 000342 and 000352; R. 144, AS App. Vol. II at 000102, Addendum). Smith was told that he was discharged due to the Attendance Control Policy unless his absences were covered by the FMLA. (Smith Dep., AS App. Vol. IV at 000343-344; 2/8/11 Letter, AS App. Vol. III at 000310).

Smith then returned to Nevada Urgent Care with an FMLA Certification Form that was ultimately completed on February 11, 2011. (February FMLA, AS App. Vol. III at 000304-309, Addendum). Smith completed the application for FMLA leave and estimated his beginning and end dates for his leave to be 2/6/11 through 2/9/11. (*Id.*). Nevada Urgent Care concluded Smith's "period of incapacity" was 02/07, 02/08, and 02/09. (*Id.*; R. 144, AS App. Vol. II at 000103, Addendum). Nevada Urgent Care released Smith to "heavy lifting" without restriction effective February 10, 2011. (February FMLA and Swander Testimony 173, AS App. Vol. III at 000290 and 000304-309, Addendum). ASB denied

6

Smith's FMLA request.  (Swander Testimony 164-165, 168-169 and 171, AS App. Vol. III at 000282-83, 000286-288).

## V.      The Undisputed Facts Establish That Smith Had No Back Issues After February Of 2011.

Smith did not return to Nevada Urgent Care after February 11, 2011. (Medical Records, AS App. Vol. V at 000462-491; Smith Dep., AS App. Vol. IV at 000337 and 000345).  Smith did not fill any prescriptions after his February 7, 2011 visit to Nevada Urgent Care.  (Smith Dep., AS App. Vol. IV at 000345-346, Addendum).  Smith did not participate in any physical therapy after the February 7, 2011 visit to Nevada Urgent Care.  (*Id.*).  After February 11, 2011, Smith did not visit any medical professionals for his back.  (*Id.* at 000356).  Finally, at trial, Plaintiff presented no evidence of any back issues after February of 2011.  (Trial Transcript Vols. I-II).

## LEGAL ARGUMENT

## I.      *EN BANC* REVIEW IS WARRANTED BECAUSE THE PANEL DECISION THAT SMITH SUFFERED FROM A CHRONIC CONDITION CONFLICTS WITH THE FMLA AND CASE LAW FROM OTHER CIRCUITS.

### A.      The Panel Applied The Wrong Standard Of Review In Affirming The District Court's Legal Determination That Smith's Back Condition Qualified As A Chronic Condition Under The FMLA.

In this case, the key facts are undisputed.  The evidence at trial established that Smith did not have any back issues in the thirteen years preceding his

7

employment with ASB. (Smith Dep., AS App. Vol. IV at 000356, Addendum). The evidence further established that Smith did not see any medical professionals for back-related issues, nor did he seek FMLA leave for any issues relating to his back, from the date of his hire in 2008 through January 2011. (Smith Dep., AS App. Vol. IV at 330-332 and 356; Medical Records, AS App. Vol. V at 000462-491). The undisputed evidence also showed that in January of 2011, Smith was absent from work for three days for sinusitis and lower back pain, and was absent again in February of 2011, after hurting his back plowing snow. (January FMLA, AS App. Vol. III at 000298-303; February FMLA, AS App. Vol. III at 000304-309, Addendum; R. 144, AS App. Vol. II at 000101-102, Addendum; Medical Records, AS App. Vol. V at 000463). Finally, it is undisputed that Smith was released to return to his "heavy lifting" job without restriction on February 10, 2011, and did not visit any medical providers for his back after February 11, 2011. (Swander Testimony 173 and February FMLA, AS App. Vol. III at 000290 and 000304-309, Addendum; Smith Dep., AS App. Vol. IV at 000345-346, Addendum).

The issue before this Court on appeal was whether these undisputed facts constitute a "chronic condition" under the FMLA as a matter of law. The panel decision acknowledges that the determination of whether a condition is a "chronic condition" is at least, in part, a question of law. (Opinion at 6 "[w]hether an

8

employee has a serious health condition is mixed question of fact and law). However, this Court ultimately determined that it could not "say the district court clearly erred in its factual determination that, at the time ASB fired him, Smith's back condition met the objective criteria of a chronic condition." (Opinion at 7-8). However, the proper standard in reviewing the district court's decision that Smith suffered from a "chronic condition" is *de novo* review—not clear error, as the factual issues are undisputed. *See Meecorp Capital Mkts., LLC v. Oliver*, 776 F.3d 557, 562 (8th Cir. 2015) (holding that in an appeal from a bench trial, a court of appeals reviews a district court's findings of fact for clear error, while the district court's conclusions of law are subject to a *de novo* review).

### B. <u>The Panel Misconstrued ASB's Arguments On Appeal And Misapplied The FMLA Regulations Defining A "Chronic Condition."</u>

The FMLA regulations define a "chronic serious health condition" as one which: (1) requires periodic visits (defined as at least twice a year) for treatment by a health care provider, or by a nurse under direct supervision of a health care provider; (2) continues over an extended period of time (including recurring episodes of a single underlying condition); and (3) may cause episodic rather than a continuing period of incapacity (*e.g.*, asthma, diabetes, epilepsy, etc.). 29 C.F.R. § 825.115(c).

According to this Court, ASB's argument on appeal was that Smith's back

9

pain cannot be considered a chronic condition because his two visits to the urgent care clinic were the only times he ever sought medical treatment for his back. (Opinion at 7). The Court responded to ASB's argument by correctly stating that the FMLA regulations only require two visits per year to a health care provider for treatment, *i.e.* the first criterion of the three-part regulatory test. (Opinion at 7). The Court ultimately concluded that the undisputed fact that "Smith did not seek treatment for back pain before January 2011 or after being fired from ASB is not conclusive of whether Smith's lower back pain qualified as a chronic condition in February of 2011." (Opinion at 7).

However, ASB's primary argument is that the undisputed evidence, including the fact that Smith only sought treatment for his back in January and February of 2011, establishes that Smith's condition did not continue for an extended period of time, *i.e.* the second criterion in the regulatory test. This Court compounded its error by failing to address the second prong of the regulatory test. The Department of Labor, in fact, addressed this issue and made clear in the 2008 Final Regulations that "'two visits to a health care provider' every year is not the sole criterion in the regulations for determining a covered chronic serious health condition." *See Final Regulations* issued November 17, 2008 (73 FR 67934). A proper analysis of the extended period of time criteria requires judgment in favor of ASB.

10

**C.**    **The Panel Decision That Smith's Back Condition Continued For An Extended Period Of Time Is Unsupported By Case Law And Contradicts Decisions From Other Circuits, Including the Third Circuit, Fifth Circuit and Sixth Circuit.**

While the FMLA and regulations do not define the term "extended period of time," courts, including the Third Circuit, have determined that the condition must exist for well more than a few weeks.  *See e.g. Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149, 154 (3rd Cir. 2015); *Taylor v. Autozoners, LLC*, 706 F. Supp. 2d 843, 852 (W.D. Tenn. 2010) (quoting *Flanagan v. Keller Prods., Inc*., No. 00-542-M, 2002 U.S. Dist. LEXIS 3663 (D. N.H. Feb. 25, 2002)).  In *Hansler*, the Third Circuit assumed that a condition lasting for one month could not satisfy the "extended period of time" requirement.   *Hansler*, 798 F.3d at 154. Accordingly, this Court's decision that Smith's back problems which lasted for approximately one month—from January to February of 2011—conflicts with other courts that have addressed this issue.

Additionally, a thorough review of federal case law applying the chronic condition standard to back injuries firmly establishes that Smith's back problems do not satisfy the FMLA regulations regarding chronic conditions.  For example, in *Tillman v. Ohio Bell Tel. Co.*, 545 Fed. App'x 340 (6th Cir. 2013), judgment was entered against the plaintiff despite the plaintiff providing evidence of suffering from back pain for many years, a diagnosis of lumbar degenerative disease and a chronic back condition, pain 2-3 days a month, and regular doctor's appointments.

11

Similarly, in *Taylor*, the District Court for the Western District of Tennessee granted summary judgment for the defendant where the plaintiff suffered from back issues for two months prior to her termination and continued to seek treatment for approximately one month after her termination. *Taylor*, 706 F.Supp.2d at 846-848. Unlike Smith, the plaintiff in *Taylor* received treatment for her back condition on at least seven occasions during the two months preceding her termination, received physical therapy twice during that same period, and was limited to working light duty due to her back condition. *Id.* The court held that the plaintiff's back condition which lasted for three months did not continue for an extended period of time as a matter of law and, therefore, did not qualify as a chronic condition under the FMLA. *Id.* at 852.

Moreover, courts have only found chronic conditions in cases where the condition continues for a period longer than the one-month period at issue in the present case. For example, in *Lubke v. City of Arlington*, 455 F.3d 489 (5th Cir. 2006), the Fifth Circuit upheld the jury's conclusion that back problems suffered by the plaintiff's wife were chronic where she received treatment and was prescribed medication for nearly a decade. *See also Munoz v. Nutrisystem, Inc.*, 2014 U.S. Dist. LEXIS 104465 (E.D. Pa. July 30, 2014) (the plaintiff was in a car accident, attended physical therapy sessions, and was suffering spasms nearly five months after the accident. Court found it "difficult" for a jury to find in her favor,

12

but let the claim survive summary judgment); *Hepner v. Thomas Jefferson Univ. Hosps., Inc.*, 2013 U.S. Dist. LEXIS 74839 (E.D. Pa. May 24, 2013) (court denied a motion to dismiss based on the plaintiff's workplace injury that required accommodations and absences for an extended period. The plaintiff alleged that she had medical treatment and rehabilitation over a several year period); *Quinn v. Mercy Fitzgerald Hosp.*, 2011 U.S. Dist. LEXIS 80928 (E.D. Pa. July 22, 2011) (finding triable issue existed as to whether back ailments constitute a chronic condition where the plaintiff was seen by a doctor twice during his employment with the defendant and the condition existed for a period of years and caused episodic periods of incapacity); *Khalil Aboukora v. Keebler Co.*, Case No. 3:04-CV-0059, 2006 U.S. Dist. LEXIS 18072 (M.D. Ga. Mar. 30, 2006) (denying defendant's motion for summary judgment, because past FMLA leave and over six years of recurring back pain from spine curvature, created an issue of fact as to whether the plaintiff had a chronic condition); *Pinson v. Berkley Med. Res. Inc.*, No. 03-1255, 2005 U.S. Dist. LEXIS 13045 at *16 (W.D. Pa. June 21, 2005) (finding diagnosis of the plaintiff's post-traumatic cervicalgia, cervical muscle spasms, cervical segmental dysfunction, cervical, dorsal and lumbar strain/sprain, lumbar muscle spasms, and lumbago to be sufficient evidence of a chronic condition to deny summary judgment); *Mann v. Mass. Correa Elec.*, J.V., 2002 U.S. Dist. LEXIS 949 (S.D.N.Y. Jan. 23, 2002) (finding back pain lasting more

13

than a few years and involving periodic visits to a doctor and occasional periods of incapacity was enough of an issue of fact to survive summary judgment).

In this case, the undisputed record includes no treatment for back issues prior to January 2011 or after February of 2011. Put simply, no federal FMLA decision has found a chronic back condition which continues over an extended period of time under these circumstances.

**II.** ***En Banc* Review Is Warranted Because The Panel Decision's New Rule That Back Pain Lasting For One Month Which Is Treated On Two Occasions Constitutes A Chronic Condition Undermines The Department Of Labor's Objective Test By Broadening The Scope Of "Chronic Serious Health Conditions.**

The Eighth Circuit has previously acknowledged that the Department of Labor's objective test for serious health condition "avoids the need for employers—and ultimately courts—to make subjection decisions about statutory 'serious health conditions' . . . ." *Thorson v. Gemini, Inc*., 205 F.3d 370, 380 (8th Cir. 2000). The purpose of the objective test is to have uniform application. *Id.* This Court, however, has noted that the objective nature of the test leaves it open to errors by health care providers and fraud or abuse by employees. *Id*. To combat these issues, the Department of Labor has devised protections for employers, including the requirement that a chronic condition must, in addition to requiring two visits to a health care provider per year, continue over an extended period of time. 29 C.F.R. § 825.115(c).

14

The panel decision, however, creates inconsistency among courts as to the meaning of "extended period of time" and makes the requirement that the medical problem be a long-term chronic condition all but meaningless. Under this Court's new rule, an employer must grant FMLA leave to any employee who seeks medical treatment on two occasions within a one-month period for back pain, regardless of whether the employee has no prior history of back issues, is permitted to return to work without any physical restrictions, and never seeks medical treatment for back issues again. Put simply, temporary back pain is not the type of "chronic condition" contemplated by the FMLA and a rehearing is necessary to remedy this error.

## CONCLUSION

Based on the foregoing, ASB requests that this Court rehear this appeal *en banc*.

Respectfully submitted,

*s/ David A. Campbell*
David A. Campbell
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
Phone: 216-479-6100
Fax:   216-479-6060
Email: dacampbell@vorys.com

*Attorney for AS America, Inc.*
*Appellant, Cross-Appellee*

15

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing was filed electronically on this 28th day of July, 2016.  Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system.

<u>s/ David A. Campbell</u>
David A. Campbell

16